UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Reginald Brooks, #87761, <br> *a/k/a Thomas Reginald Brooks, #295842,* <br><br> Plaintiff, <br> vs. <br><br> City of Sumter, S.C., Earnest A. Finneys, <br> Russell F. Roark, III, David Wherchat, <br> Kelsey Wade, Jeffery Hansen, <br> Trey Hunter, Officer Koty, Amanda Sapp, James Kearney, <br> Det. McFadden, Sgt. Johnson, Cpt. Keirman, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C/A No. 3:23-1665-TLW-TER <br><br><br><br> ORDER |

This is a civil action filed by a pretrial detainee, proceeding *pro se*. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PAYMENT OF FILING FEE**

Plaintiff has submitted a filing which can be construed as a Motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Plaintiff's motion for leave to proceed *in forma pauperis* is **granted**, subject to the court's right to require a payment if Plaintiff's financial condition changes, and to tax fees and costs against Plaintiff at the conclusion of this case if the court finds the case to be without merit. *See Flint v. Haynes*, 651 F.2d 970, 972-74 (4th Cir. 1981). (ECF No. 2).
By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[*] *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a) and (b). As the court has granted Plaintiff permission to proceed *in forma pauperis*, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.**

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff's motion for appointment of counsel is denied. There is no right to appointed counsel

---

[*] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350. In December 2020, the $50 administrative fee was increased to $52; however, it is not applicable to *in forma pauperis* cases.

in § 1983 cases. While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. This is a typical complaint seeking to pursue a civil case pro se in federal court, and after a review of the file, this court has determined that at this time, there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). At this procedural stage, Plaintiff's motion for appointment of counsel (ECF No. 3) is denied.

**TO THE CLERK OF COURT**:

This case is subject to dismissal. Therefore, the Clerk of Court shall ***not*** issue any summonses nor shall the Clerk of Court forward this matter to the United States Marshal for service of process at this time. The Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

**TO PLAINTIFF**:

Plaintiff must place the civil action number listed above on any document provided to the court pursuant to this Order. **Any future filings in this case must be sent to ((Post Office Box 2317, Florence, South Carolina 29503) the address below.** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. Pro se litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a pro se litigant. Plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order**. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

**IT IS SO ORDERED**.

|  |  |
|---|---|
| May 10, 2023 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |