IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thomas Reginald Brooks, #87761, | ) | |
| *a/k/a Thomas Reginald Brooks,* #295842 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 3:23-cv-1665-TLW |
| vs. | ) | |
| | ) | |
| City of Sumter, S.C., Earnest A. Finneys, | ) | **ORDER** |
| Russell F. Roark, III, David Wherchat, | ) | |
| Kelsey Wade, Jeffery Hansen, | ) | |
| Trey Hunter, Officer Koty, | ) | |
| Amanda Sapp, James Kearney, | ) | |
| Det. McFadden, Sgt. Johnson, | ) | |
| Cpt. Keirman,[1] | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Thomas Reginald Brooks, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 against the above-named defendants. ECF No. 1. Plaintiff is a state pretrial detainee charged with murder in Sumter County, South Carolina. ECF No. 10 at 3. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). The Report recommends dismissing Plaintiff's action for failure to state a claim upon which relief can be granted. *Id.* Plaintiff has filed objections to the Report. ECF No. 12. Accordingly, this matter is ripe for review.

Plaintiff brings this action pursuant to § 1983. ECF No. 1. The Report notes

---

[1] The spelling of the defendants' names in the caption reflects the spelling in the caption of Plaintiff's complaint. *See* ECF No. 1.

that Plaintiff's "voluminous" complaint "does not concern the main substance of his claims and borders on the inapplicable/irrelevant/frivolous." ECF No. 10 at 3. Plaintiff has attached multiple exhibits to his complaint, including photos of the murder victim, warrants, affidavits, and witness statements. *See* ECF No. 1. He has sued multiple individuals associated with the police department and alleges his due process rights have been violated. *Id.* at 5. Specifically, he alleges that the search warrant was defective and that he acted in self-defense.[2] *Id.* at 2–4.

Liberally construing Plaintiff's 100-page complaint, the magistrate judge carefully reviewed all of Plaintiff's potentially raised claims and concluded that Plaintiff failed to state a claim upon which relief could be granted, regardless of the theory, or alternate theory, asserted. ECF 10. Specifically, he concluded:

(1) Plaintiff failed to state a claim for false arrest because, under Fourth Circuit caselaw, "a false arrest claim must fail where it is made pursuant to a facially valid warrant." *Id.* (citing *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Dorn v. Town of Prosperity*, 375 Fed. Appx. 284, 286 (4th Cir. 2010)). Here, the magistrate judge noted that Plaintiff was arrested pursuant to a facially valid arrest warrant. (Indeed, Plaintiff has attached that warrant as an exhibit to his complaint). ECF No. 1–2 at 23. Hence, the magistrate judge found that, even liberally construed, Plaintiff had failed to state a claim for relief.

(2) Plaintiff failed to state a claim for malicious prosecution because, to state a claim for malicious prosecution, a plaintiff must show that the criminal prosecution ended without a conviction. ECF No. 10 at 4 (citing *Thompson v. Clark*, 142 S. Ct. 1332 (2022)). Here, Plaintiff is a pretrial detainee awaiting trial on the murder charge. He therefore cannot show that his criminal prosecution ended without a conviction.

(3) Liberally construing Plaintiff's complaint, the magistrate judge concludes that Plaintiff seeks "declaratory relief" related to the alleged

[2] The search of Plaintiff's residence produced several items, including a baseball bat with blood on it. ECF No. 10 at 4.

police policy of "undue delay in releasing the wrongfully incarcerated." *Id.* Construing this as a request for release from detainment, the magistrate judge concludes Plaintiff has failed to state a claim because a civil action is an inappropriate vehicle for such relief. *Id.* (citing *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release is not a remedy available under 42 U.S.C. § 1983)).

(4) The totality of Plaintiff's complaint seeks to have this federal district court intervene in his state court proceedings. The magistrate judge concludes that the Court should abstain from interfering in accordance with the *Younger* Abstention Doctrine because there is an ongoing state criminal proceeding. *Id.* (citing *Younger v. Harris,*401 U.S. 37, 43-44 (1971); *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013)).

(5) Finally, the magistrate judge concludes that Plaintiff has failed to state a claim related to due process violations related to the First Amendment. Plaintiff also alleges the press releases requesting his questioning as a murder suspect. He alleges that they placed him in a false light and invaded his right to privacy. ECF No. 1–1 at 25. The magistrate judge concludes that Plaintiff has failed to state a claim because these are state law claims and there is no basis for the exercise of supplemental jurisdiction. ECF No. 10 at 6. Additionally, to the extent he is attempting to pursue claims for defamation, libel, or slander under § 1983, there is no federal right of action for such claims. *Id.* (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200-203 (1989); *Clark v. Link,* 855 F.2d 156, 161 (4th Cir.1988)). Similarly, the magistrate judge notes that "[n]othing in the First Amendment creates a private right of action for invasion of privacy; reputation is not a liberty or property interest sufficient to invoke due process protections." *Id.* (citing *Garrett v. Aube,* No. 8:18-cv-1449-MGL-JDA, 2018 WL 3628848, at *3 (D.S.C. May 31, 2018), *report and recommendation adopted*, 2018 WL 3619823 (D.S.C. July 30, 2018)).

Based on this review, the magistrate judge recommends that the Court dismiss Plaintiff's complaint without prejudice and without service of process under § 1915(e) and § 1915A. ECF No. 10 at 7.

As noted, Plaintiff has filed objections. ECF No. 12. The objections again assert that Plaintiff acted in self-defense and that the City of Sumter retaliated against him for acting in self-defense, that the City violated the "separation of

powers" doctrine, and that the City had a policy of arresting innocent African American males. *Id.* Further, he contests the facts surrounding his arrest, the sufficiency of the arrest warrant, and alleges that the police department was prejudiced against him. *Id.*

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the Plaintiff's objections, and other relevant filings. Plaintiff's objections do not go to the substance of the Report but, instead, reassert arguments related to the facts surrounding the alleged murder, his assertions of self-defense,

the sufficiency of the arrest warrant, and the allegedly prejudicial actions of the police department. ECF No. 12. Importantly, Plaintiff's objections do not challenge the magistrate judge's conclusion that this Court should abstain from interfering in Plaintiff's state court criminal prosecution pursuant to *Younger*. Having reviewed Plaintiff's complaint, the Report, and Plaintiff's objections, the Court concludes that Plaintiff has failed to assert a claim upon which relief can be granted. Furthermore, the Court finds no legal basis to intervene in Plaintiff's state court criminal prosecution and concludes that it must abstain pursuant to *Younger.* Therefore, **IT IS ORDERED** that the Report, ECF No. 10, is **ACCEPTED**, and the Plaintiff's objections, ECF No. 12, are **OVERRULED**. For the reasons stated in the Report, the Complaint, ECF No. 1, is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.


*s/Terry L. Wooten*
Senior United States District Judge

June 15, 2023
Columbia, South Carolina